SAMUEL R. COCKRELL, Respondent, v. EUGENE BOPP et al., Appellants.

Kansas City Court of Appeals, May 16, 1904.

1. **SPECIFIC PERFORMANCES: Unilateral Contract: Death of Obligor: Term of Performance.** Where a landowner agrees to convey on the performance of a specified act of another party, there is no relation of vendor and purchaser between them until such other party has done the specified act; and where the obligor dies in the interim such other party to become a purchaser must have tendered performance of the specified act to the heir and demanded his deed.

2. ——: ——: **Performance.** A unilateral contract and the action of the parties in relation thereto are reviewed and plaintiff is held not entitled to a specific performance of the contract.

Appeal from Cooper Circuit Court.—*Hon. James E. Hazell,* Judge.

REVERSED AND REMANDED (*with directions*).

*Johnson & Martin* for appellants.

(1) The memorandum in reference to ''settling up land'' September 1, was an option given Cockrell, a unilateral contract. The enforcement of such a contract by a court of equity is not even a matter of absolute right. The parties do not stand on an equal footing. Time must be deemed the essence of the contract. Hollmann v. Conlon, 143 Mo. 379; Dunaway v. Day, 163 Mo. 415; Mason v. Payne, 47 Mo. 517. (2) The acceptance of this option by Cockrell must be absolute, unequivocal, unambiguous, without condition or reservation and in exact accordance with the offer. There is no evidence of his acceptance, or that he had $6,240 to ''settle up land'' September 1. Even if it be contended that he had arranged for $5,500—this would not be in compliance with the option, it would fall short $740. Scott v. Davis, 141 Mo. 225. (3) The *onus* rests upon the plaintiff. The evidence must be strong, unequivocal, so definite and positive as to leave no room for doubt in the mind of the chancellor. Taylor v. Von Schraeder, 107 Mo. 225.

*William S. Shirk* for respondent.

(1) The contract of June 30, 1902, was not a unilateral or one-sided contract by which Bopp was bound, but not Cockrell. It constituted a modification of the original contract, by which both parties were bound. (2) But it is wholly immaterial whether it was a unilateral contract or not. The question is, does the evidence show that Cockrell had arranged, by September 1, 1902, to pay the $6,000 and interest, and take his deed. (3) But Cockrell could not have been put in default until Bopp tendered him a deed conveying a fee title clear from encumbrances. There is no pretense that this was done. (4) From the fact that Cockrell only asked Moore to loan him $5,500 of the $6,240 due September 1, 1902, a fair, reasonable and necessary inference or

presumption arises, that Cockrell was provided with the balance, $240. If he did not have it, why did he not try to borrow the whole $6,240? "An inference is a conclusion drawn by reason, from premises established by proof." Bouv. Law Dict., title "Inference." "A presumption is a principle of law, by which, for the furtherance and support of right, facts not established by positive evidence, are inferred from circumstances." Ehrhart v. Dietrich, 118 Mo. 427; Smith v. Tel. Co., 57 Mo. App. 259.

BROADDUS, J.—This is a proceeding to enforce specific performance of a contract. On the eighth day of October, 1900, Verena Bopp and Edward Bopp entered into a written obligation to convey to the plaintiff Cockrell on or before January 1, 1903, certain lands situate in Cooper county, Missouri, upon the payment to them by plaintiff of the sum of $6,000. At the date of this contract plaintiff was occupying the land under a lease which was to begin on the first day of March, 1901, and was to terminate on the first day of March, 1903. It was provided in said contract that, "said lease and the terms and conditions thereof shall utterly cease and be determined on the delivery of the conveyance hereinbefore mentioned and the payment of the purchase price of said lands." Under the terms of said lease plaintiff was to pay $500 annual rent. One annual rent had been paid.

June 30, 1902, Edward Bopp—at which time he contemplated going abroad—executed the following instrument:

"This is to certify that if S. R. Cockrell has arranged by September 1, 1902, to settle up land and I am not back here, I agree not to charge interest from first of September, 1902, until I get back and make him a deed, only charge from first January, 1902, to first September, 1902 on $6,000, and deliver him his rent note of $500."

Edward Bopp died before the first day of September, 1902, at which time plaintiff alleges that he was ready and willing to pay the said sum of $6,000, but that he was unable to obtain a deed for said land on account of the death of said Bopp; but that on December 31, 1902, he paid to Eugene Bopp, administrator of the deceased, the sum of $210 to apply on the interest due upon said $6,000 under the alleged contract of June 30, 1902, from the first day of January to the first day of September, 1902. The administrator gave a written receipt specifying that the $210 was to apply on interest or rent "whichever the circuit court of Cooper county may decide."

The plaintiff introduced one W. E. Moore to prove that on September 1, 1902, he was willing and able to comply with the written memorandum of June 30, 1902: that is, to pay the amount of the purchase-money for the land. The substance of Moore's testimony was that he was prepared to furnish plaintiff $5,500 of the money at that time upon the security of the Bopp land, but as Edward Bopp was dead and no deed could be made at that time he did not let him have the money.

The court applied the $210 paid the administrator as a payment on interest and not as a payment on the rent, and adjudged that plaintiff pay $6,030 and decreed specific performance.

The only question appellants raise on appeal is, that the court commited error in not applying the said $210 on rent and that therefore plaintiff should have been adjudged to pay $6,290 instead of $6,030—a difference of $260. This involves a construction of the writing of June 30, 1902; and whether the evidence of witness Moore showed that plaintiff on September 2, 1902, was able and ready to pay the purchase price of the land?

The plaintiff contends that said writing was not unilateral or a mere option contract but was a modification of the original contract of October 8, 1900. But

that fact did not change its character in that respect. If it is to be taken as an agreement, though not signed by the plaintiff, it is unilateral or optional. Plaintiff was not bound by it. Even if he assented to it, of which there is no evidence, it was optional with him whether he would pay the purchase price of the land on the twentieth day of September, 1902. It was not a contract of purchase. The Supreme Court in treating the question adopted the following language in Lord Ranelagh v. Melton, 2 Dr. & Sm. 278: "It is well settled that where there is a contract between the owner of land and another person, that if such person should do a specified act then he (the owner) will convey the land to him in fee; the relation of vendor and purchaser does not exist between the parties unless and until the act has been done as specified. The court regards it as the case of a condition on the performance of which the party performing is entitled to a certain benefit; but in order to obtain such benefit he must perform the condition strictly." Hollmann v. Conlon, 143 Mo. l. c. 380.

There is no evidence that plaintiff accepted the contract and offered strictly to comply with its conditions. But as Bopp was dead at the time, he, of course, could not obtain a deed from him to the land. That was not his fault, but it was his fault that he did not produce the money and demand a deed from the heirs of the deceased. If they are bound by the decree in this case to make him a title they were also bound on his performing the contract to make him a deed to the land at the time specified. And besides, he did not have the purchase-money. The only way he had of obtaining it was to give the land itself as security. But he was not entitled to a conveyance "unless and until" he had paid the purchase-money, is the language of the court. If plaintiff was entitled to a compliance with said writing after the decease of Bopp, of which there is no doubt, his death did not in the least relieve him from a strict performance on his part at the time specified. Time was

the essence of the contract. Glass v. Rowe, 103 Mo. 513.

We hold that plaintiff was not entitled to a decree of specific performance of said unilateral contract and consequently not entitled to have said sum of $210 applied on interest instead of on rent. And that the decree must stand on the original contract and that he should be required to pay the sum of $6,290 and not $6,030. The cause is therefore reversed and remanded with directions to modify the decree in the respects mentioned. All concur.